Lee Oliver **SCOTT**, Jr., Appellant

v.

The **STATE** of Texas, Appellee.

Nos. 05–08–00675–CR, 05–08–00676–CR.

Court of Appeals of Texas,
Dallas.

April 27, 2010.

Michael J. Sandlin, Katherine A. Drew, for Lee Oliver Scott, Jr.

Craig Watkins, District Attorney, for The State of Texas.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion By Justice MOSELEY.

Lee Oliver Scott, Jr.[1] pleaded not guilty to two charges: possession with intent to deliver four grams or more, but less than 200 grams, of methamphetamine on December 7, 2005[2]; and possession of less than one gram of methamphetamine on January 10, 2006.[3] A jury found him guilty of both offenses; it answered a special issue on use or exhibition of a deadly weapon in the possession with intent to deliver case in the negative. The trial court assessed concurrent sentences of two years' confinement in the state jail division of the state penitentiary in the possession case and ten years' confinement in the state penitentiary for the possession with intent to deliver case; the trial court also assessed a $1,000 fine in each case.

In one issue, appellant contends the trial court violated his Sixth Amendment right to confront a witness. In four issues, appellant contends he was denied effective assistance of counsel. We affirm the trial court's judgments.

## I.  FACTUAL BACKGROUND

In December 2005, Dallas police officers David Durica and Jerry Dodd served an arrest warrant on a man named Turner and found methamphetamine in his possession. Turner told the officers that appellant was his supplier. Turner called appellant and arranged to purchase one ounce of methamphetamine for $950. The police officers listened to the conversation on a speakerphone. Turner described appellant and his truck and gave appellant's home address to the officers.

After the conversation with Turner, police officers located appellant and followed him as he left his house. Dodd and another officer stopped appellant for traffic vio-

---

1. The judgments below show appellant's name as "Lee Scott, Jr." However, the indictment and most of the other documents in the record show his name as "Lee Oliver Scott, Jr."

2. This is trial court cause number F05–60366–JL, appellate court cause number 05–08–00676–CR.

3. This is trial court cause number F06–61057–JL, appellate court cause number 05–08–00675–CR.

lations. Dodd testified it was appellant's voice he heard earlier on the speakerphone. In appellant's jacket pocket, the officers found a bag containing 27.2 grams (about one ounce) of methamphetamine.

Based on the information from Turner and other police officers, a narcotics detective obtained a warrant to search appellant's home; they found drug sale paraphernalia, a gun, and 32 grams of methamphetamine. In January 2006, police officers returned to appellant's house to arrest him. Appellant consented to the search of his house. This time police officers found a package containing .57 grams of methamphetamine.

## II. RIGHT TO CONFRONT A WITNESS

In his first issue, appellant contends the trial court violated his Sixth Amendment right to confront witnesses against him by admitting the testimonial statements of Turner, a non-testifying confidential informant. The record shows that the trial court heard appellant's pretrial motion in limine to prevent hearsay as to Turner's statements regarding appellant and to "limine out anything having to do with ... Turner if he's not here to testify." Counsel stated it was a "Crawford violation"[4] and he had no opportunity to cross-examine Turner. The State said it was unable to locate Turner. The trial court denied the motion in limine. At trial, Durica and Dodd testified without objection that Turner gave police officers information about buying drugs from appellant.

To preserve error for appellate review, a party must make a timely and specific objection or motion at trial, and there must be an adverse ruling by the trial court. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex.Crim.App.2008) (citing TEX.

R.APP. P. 33.1(a)), *cert. denied*, 555 U.S. 1105, 129 S.Ct. 904, 173 L.Ed.2d 120 (2009). Failure to preserve error at trial forfeits the later assertion of that error on appeal. *Id.* "In fact, almost all error—even constitutional error—may be forfeited if the appellant failed to object." *Id.* The failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. *See id.* (citing *Saldano v. State*, 70 S.W.3d 873, 889 & nn. 73 & 74 (Tex.Crim.App.2002)).

A motion in limine, however, is a preliminary matter and normally preserves nothing for appellate review. *Id.* (citing *Gonzales v. State*, 685 S.W.2d 47, 50 (Tex.Crim.App.1985)). For error to be preserved with regard to the subject of a motion in limine, an objection must be made at the time the subject is raised during trial. *Id.* (citing *Gonzales*, 685 S.W.2d at 50).

Appellant relies on *Livingston v. State*, 739 S.W.2d 311, 334 (Tex.Crim.App.1987), to support his argument that when a defendant challenges the admissibility of certain evidence in a hearing outside the presence of the jury, he need not renew his objection when the evidence is offered before the jury to preserve the complaint for review. *Livingston* involved the overruling of a pretrial motion to suppress evidence, not a motion in limine. It is not applicable to this case.

By failing to object when testimony about Turner was offered, appellant failed to preserve his *Crawford* issue for review. *See* TEX.R.APP. P. 33.1(a); *Fuller*, 253 S.W.3d at 232. We resolve appellant's first issue against him.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In issue two, appellant contends that counsel's failure to preserve for re-

---

4. *See Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

view his *Crawford* challenge constitutes ineffective assistance of counsel. In issues three and five, appellant contends counsel failed to object to the admissibility of the evidence about the chemical nature of the seized substances on grounds his right of confrontation was violated when such evidence was offered through the testimony of a laboratory supervisor, instead of the analysts. *See Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). In issue four, appellant contends that if the errors in issues two and three do not constitute ineffective assistance individually, they do so when considered together.

To prevail on an ineffective assistance of counsel claim, an appellant must prove by a preponderance of the evidence: (1) deficient performance, and (2) prejudice. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App.2005) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim of ineffective assistance of counsel must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* Further,

> trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

*Id.* (internal quotations, footnotes, and citations omitted).

The record is silent as to counsel's strategy or reasons for failure to preserve *Crawford* and *Melendez–Diaz* challenges. Although appellant filed a motion for new trial, he did not allege his counsel was ineffective. A hearing was not held on his motion, and he did not otherwise develop a record explaining why counsel failed to object to the evidence offered by these witnesses. *See id.*

This Court will not speculate as to what counsel's trial strategy might have been with regard to these alleged errors. Moreover, we cannot say that counsel's failure to object on *Crawford* or *Melendez–Diaz* grounds to the evidence offered was "so outrageous that no competent attorney would have engaged in it." *See id.* Therefore, appellant has failed to rebut the strong presumption in favor of effectiveness of counsel. Given the record before us, we cannot conclude counsel's performance was deficient. We resolve appellant's second through fifth issues against him.

## IV. CONCLUSION

Having resolved appellant's five issues against him, we affirm the trial court's judgments.