**AFFIRMED as Modified; Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01123-CR

### MICHAEL MARSENE WALKER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 4
### Dallas County, Texas
### Trial Court Cause No. F12-23751-K

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

Micheal Marsene Walker appeals his conviction for third-degree-felony assault of a member of his family or household. Appellant pleaded nolo contendere to the charge and true to two allegations of prior felony convictions. The trial court deferred adjudication of appellant's guilt and placed appellant on community supervision for ten years. After the State moved to adjudicate appellant's guilt, the trial court adjudicated appellant guilty and sentenced him to twenty-five years' imprisonment. Appellant brings three issues on appeal contending (1) appellant's counsel at the hearing on the motion to adjudicate was ineffective for not objecting to the admission of the probation report, which was hearsay; (2) the judgment incorrectly states appellant pleaded true to the motion to adjudicate; and (3) the judgment incorrectly sets out terms of a plea bargain agreement when there was no plea bargain. We modify the trial court's judgment and affirm the judgment as modified.

## BACKGROUND

Appellant was indicted for assault on a member of his family or household by impeding the complainant's breathing and circulation. Appellant pleaded nolo contendere to this offense, and he pleaded true to the allegations of having two prior felony convictions. The trial court found the evidence was sufficient to substantiate appellant's guilt. The court deferred adjudication of appellant's guilt and placed appellant on community supervision for ten years.

Eight months later, the State filed a motion to adjudicate appellant's guilt and alleged appellant, inter alia, failed drug tests, did not successfully participate in drug and domestic-violence programs, did not complete his community-service hours, did not report to his probation officer, and failed to pay various fees. At the hearing on the motion to adjudicate appellant's guilt, the State asked the trial court "to take judicial notice of the entire contents of the Court's file and the probation file, which we will offer." Appellant's counsel stated there was no objection. The trial court stated the court took notice "of the entire file," had reviewed the file, and found that appellant had violated twelve conditions of his probation. The court stated that appellant had the opportunity to review the contents of the probation file. The court sentenced appellant to twenty-five years' imprisonment.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, appellant argues he received ineffective assistance of counsel at the hearing on the motion to adjudicate his guilt because his counsel did not object to the probation report as hearsay or to hearsay statements within the report.

To be entitled to a new trial based on ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). The first prong requires the appellant to

show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. 687–88; *Lane*, 303 S.W.3d at 707. The second prong requires the appellant to show there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Lane*, 303 S.W.3d at 707. An appellant's failure to satisfy one prong negates a court's need to consider the other prong. *Strickland*, 466 U.S. at 697; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In determining whether an appellant has met his burden, we consider the totality of representation and the particular circumstances of each case. *Lane*, 303 S.W.3d at 707. We strongly presume counsel's conduct fell within the wide range of reasonable professional assistance, and we do not judge counsel's actions in hindsight. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The fact that another attorney might have pursued a different strategy at trial is not sufficient to prove counsel was ineffective. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004). "[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'" *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Appellant did not file a motion for new trial. When there is no proper evidentiary hearing on a motion for new trial, it is extremely difficult to show counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The court of criminal appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103

(Tex. Crim. App. 2005). When faced with such a silent record, we "should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). We do not speculate on what counsel's strategy may have been with regard to the alleged error. *Scott v. State*, 392 S.W.3d 684, 687 (Tex. App.—Dallas 2010, no pet.).

In this case, the record is silent as to counsel's strategy for not objecting to the State's offer into evidence of the probation file. On the record before us, we cannot conclude that counsel's failure to object "was so outrageous that no competent attorney" would have declined to object to the State's offer of the probation file. Without more, we must presume counsel acted pursuant to a reasonable trial strategy.

We conclude appellant has not shown his counsel was ineffective. We overrule appellant's first issue.

## CORRECTION OF THE JUDGMENT

In his second and third issues, appellant requests that we correct the judgment to reflect that appellant pleaded not true to the motion to adjudicate and that there was no plea bargain. The judgment states appellant pleaded "TRUE" to the motion to adjudicate and also states, "Terms of Plea Bargain: 25 YEARS PENITENTIARY FINE $-0-." The State agrees that the judgment should be modified as requested by appellant.

When the record provides the necessary information to correct inaccuracies in a judgment, we have the authority to reform the judgment to speak the truth. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Our review of the record confirms that appellant pleaded not true to the motion to

adjudicate and that there were no terms of a plea bargain. Accordingly, we sustain appellant's second and third issues and modify the judgment to correct these errors.

## CONCLUSION

We modify the judgment to reflect that appellant pleaded not true to the allegations in the motion to adjudicate and that there were no terms of a plea bargain. As modified, we affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131123F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL MARSENE WALKER,
Appellant

No. 05-13-01123-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F12-23751-K.
Opinion delivered by Justice Myers.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to state "NOT TRUE" under the heading "Plea to Motion to Adjudicate." The judgment of the trial court is further **MODIFIED** to delete "25 YEARS PENITENTIARY FINE $-0-" under the heading "Terms of Plea Bargain." As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.