**Affirmed and Opinion Filed December 9, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01760-CR

### BILLY JOE HERNANDEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 5
### Dallas County, Texas
### Trial Court Cause No. F-1330488-L

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice FitzGerald

Appellant entered an open plea of guilty to aggravated assault with a deadly weapon and pled true to a single enhancement paragraph. The trial court sentenced appellant to fifteen years' imprisonment. In a single issue on appeal, appellant asserts his counsel was ineffective because he failed to request a court reporter to transcribe the sentencing hearing. Concluding appellant's argument is without merit, we affirm the trial court's judgment.

The test to determine the effectiveness of counsel requires appellant to show by a preponderance of the evidence that (1) counsel's representation fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for these unprofessional errors, the outcome of the proceeding would have been different.[1] Review of

---

[1] *Strickland v. Washington,* 466 U.S. 668, 687–89 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012).

counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation.[2]

Direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped.[3] This statement is true with regard to the deficient performance prong of the inquiry when counsel's reasons for failing to do something do not appear in the record.[4] It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. [5]

Appellant argues that his counsel was ineffective for failing to request that a court reporter transcribe the sentencing hearing because appellant was entitled to a court reporter under Texas Rule of Appellate Procedure 13.1.[6] Appellant further observes that neither the plea agreement nor the docket sheet reflect that he waived his right to a court reporter.

With respect to the first prong of *Strickland*, it is not per se ineffective assistance of counsel to fail to request a court reporter to record a plea hearing.[7] The court of criminal appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy.[8] When faced with such a silent record, we "should not find deficient performance unless the challenged conduct was 'so outrageous that no

---

[2] *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

[3] *Menefield*, 363 S.W.3d at 592–93; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[4] *Menefield*, 363 S.W.3d at 593; *Thompson*, 9 S.W.3d at 813.

[5] *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

[6] *See* TEX. R. APP. P. 13.1(a).

[7] *See Kelley v. State*, No. 05-11-00842-CR, 2013 WL 363751, at *2 (Tex. App.—Dallas, Jan. 31, 2013, pet. ref'd) (not designated for publication); *Rivera v. State*, 981 S.W.2d 336, 339 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

[8] *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).

competent attorney would have engaged in it.'"[9] We do not speculate on what counsel's strategy may have been with regard to the alleged error.[10]

Here, there is no explanation as to why trial counsel did not request a record of the sentencing hearing, nor does appellant offer any explanation as to what alleged error such a record might show. As a result, we cannot conclude the record demonstrates that counsel's performance fell below an objective standard of reasonableness.[11] Appellant's sole issue is overruled. The trial court's judgment is affirmed.

Do Not Publish
TEX. R. APP. P. 47                                          /Kerry P. FitzGerald/
131760F.U05                                                KERRY P. FITZGERALD
                                                           JUSTICE

---

[9] *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

[10] *Scott v. State*, 392 S.W.3d 684, 687 (Tex. App.—Dallas 2010, no pet.).

[11] *See Cannon v. State*, 252 S.W.3d 342, 349 (Tex. Crim. App. 2008).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BILLY JOE HERNANDEZ, Appellant

No. 05-13-01760-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1330488-L.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 9, 2014.