**AFFIRMED; Opinion Filed June 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01437-CR

### STEPHEN GLEN LIMBAUGH, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F12-21347-I**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Myers

Appellant Stephen Glen Limbaugh was indicted for burglary of a habitation enhanced by a previous conviction for possession of a controlled substance. *See* TEX. PENAL CODE ANN. § 12.42(b); 30.02(c)(2). He pleaded not guilty, and the case was tried before a jury, which convicted appellant of the offense. After accepting appellant's plea of true to the enhancement paragraph and finding it true, the trial court assessed appellant's punishment at ten years in prison. In one issue, appellant contends he received ineffective assistance of counsel. We affirm.

### BACKGROUND

The evidence showed that Amanda King was appellant's former girlfriend and the mother of his child. On the morning of November 13, 2012, King was at her friend Haley French's apartment, where she had spent the night. French testified that appellant had made numerous,

unanswered calls to the women's cell phones throughout the night. That morning, as they were getting ready for work, the women heard a loud knocking on the front door. The door, which was unlocked, then flew open, and appellant entered the apartment. Disregarding the women's repeated demands to leave, appellant approached King, who was holding the child in her arms. King attempted to call 911, but appellant grabbed her by her hair, pulled her to the floor, and snatched the phone from her hand. King managed to get up and run out of the apartment with appellant following closely behind. French, meanwhile, called 911. King returned to the apartment moments later and spoke to the 911 dispatcher.

Duncanville Police Officer Brent Hand saw appellant driving away from the area of French's apartment complex and pursued him with overhead lights activated to his mother's house. Appellant attempted to go inside the house, but his mother refused to let him in. Officer Hand placed appellant under arrest. Neither appellant nor King testified at trial.

### DISCUSSION

In his issue, appellant argues that his trial counsel was ineffective because he did not object "to the repeated admission of hearsay evidence" that King filed a protective order against appellant on the day before his arrest.

Prior to the start of testimony, the trial court held a hearing outside the presence of the jury on the admissibility of French's 911 call. Defense counsel objected to the portion of the call in which King spoke to the dispatcher, arguing King's statements were inadmissible hearsay since she was not present to testify. The trial court overruled the objection. The 911 call was played for the jury, over defense counsel's renewed objection, during the State's direct examination of French. During the 911 call, French told the dispatcher, referring to King and appellant, that "she went and filed a protective order against him yesterday."

The issue of the protective order arose on several occasions during the trial. During his

cross-examination, defense counsel questioned French about her knowledge of the protective order:

> Q. Okay. And you-all filed a protective order that—or she did, the day before?
>
> A. I wasn't there when she filed it, but I was told she filed one.
>
> Q. Told by her?
>
> A. Yes, sir.
>
> Q. Okay. And that was on the day before this happened?
>
> A. Yes, sir.
>
> Q. So according to you, there was a—there was a valid in-force protective order when this happened?
>
> A. As far as I was told.
>
> Q. By [King]?
>
> A. Yes. Yeah.

French also testified that, the day after the burglary, the police "serve[d] a protective order against [appellant] on [her] premises."

The next mention of the protective order occurred during Officer Hand's testimony. During direct examination, the prosecutor asked Officer Hand what offense he was arresting appellant for when he took appellant into custody at his mother's house:

> Q. Okay. What was—what did you believe you were arresting him for at that time? Or what had you decided to arrest him for at that time?
>
> A. The violation of [a] protective order is what I was—is what had come over the radio at that point.
>
> Q. Okay.
>
> A. And then as I was getting information from the victim—well, not from the victim, but from the other officer stating that it was possibly a burglary. So at that point, that was what it was.
>
> Q. Okay.
>
> A. And he also had, you know, a suspended license.

–3–

Q. Okay.

A. And he was operating a vehicle on a suspended license.

The prosecutor revisited the subject of the protective order while questioning the officer, on redirect examination, about the facts that gave him probable cause to arrest appellant:

Q. And then you also have the defendant—a violation of a protective order or a VPO out there; is that correct?

A. Yes, ma'am.

Q. And you have the defendant's mom, or who we believe to be his mom, on the tape saying that the defendant said, do what [you] got to do, in reference to a VPO; is that correct?[1]

A. That's correct.

To be entitled to a new trial based on the ineffective assistance of counsel, appellant must show by a preponderance of the evidence that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). The first prong requires the appellant to show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. 687–88; *Lane*, 303 S.W.3d at 707. The second prong requires the appellant to show there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Lane*, 303 S.W.3d at 707. An appellant's failure to satisfy one prong negates a court's need to consider the other prong. *Strickland*, 466 U.S. at 697; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In determining whether an appellant has met his burden, we consider the totality of representation and the particular circumstances of each case. *Lane*, 303 S.W.3d at 707. We

---

[1] Counsel is presumably referring to the video from Hand's in-car video camera, which was admitted into evidence. In that video, appellant's mother can be heard (although not seen) talking to Officer Hand after he placed appellant under arrest and put him in the back of the patrol car.

strongly presume counsel's conduct fell within the wide range of reasonable professional assistance, and we do not judge counsel's actions in hindsight. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The fact that another attorney might have pursued a different strategy at trial is not sufficient to prove counsel was ineffective. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004). "[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'" *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

When there is no proper evidentiary hearing on a motion for new trial, it is extremely difficult to show counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The court of criminal appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). Faced with a silent record, we "should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). We do not speculate on what counsel's strategy may have been with regard to the alleged error. *Scott v. State*, 392 S.W.3d 684, 687 (Tex. App.—Dallas 2010, no pet.).

In this case, appellant acknowledges his trial counsel's hearsay objections to the 911 call, but faults counsel for opening the door further to "inadmissible hearsay" regarding the protective order during his cross-examination of French. Appellant argues the protective order provided the State with the motive for appellant to come to King's location and confront her, and that in the

absence of such evidence, appellant's uninvited entry into the apartment was "more problematic."

Appellant, however, did not file a motion for new trial. The record is therefore silent as to counsel's reasons for his actions. In the face of a silent record, we must presume counsel had a plausible reason for his actions and decisions. *See Johnson v. State*, 432 S.W.3d 552, 557 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Tong v. State*, 25 S.W.3d 707, 713–14 (Tex. Crim. App. 2000)). Trial counsel may have believed that the protective order had little bearing on the central issue in the case, which was whether appellant entered French's apartment without her effective consent. Counsel may have also realized that the State did not need proof of motive to show an absence of consent. Although French could not say whether appellant opened the door himself or the door opened on its own, she testified unequivocally that she did not give appellant consent to enter her apartment, and that she told him to leave. French's testimony alone was sufficient to establish the absence of effective consent. *See Ellett v. State*, 607 S.W.2d 545, 550 (Tex. Crim. App. 1980) (building owner's testimony that he had not given defendant permission to enter building sufficient to establish absence of effective consent for purposes of proving commission of burglary, even if door was open at time defendant entered building); *Lagunas v. State*, 187 S.W.3d 503, 521 (Tex. App.—Austin 2005, pet. ref'd) (court found legally sufficient evidence, based on testimony at trial, to support inference that appellant did not have permission or effective consent to enter the house); *Simmons v. State*, No. 07–07–0282–CR, 2009 WL 2341921, at *4 (Tex. App.—Amarillo July 30, 2009, pet. ref'd) (mem. op., not designated for publication) (apartment owner's testimony that Simmons lacked permission to enter apartment was sufficient to support the absence of effective consent); *Hardy v. State*, No. 05–06–00549–CR, 2007 WL 1585741, *2 (Tex. App.—Dallas June 4, 2007, pet. ref'd) (mem. op., not designated for publication) (finding evidence factually sufficient to support burglary

conviction when owner of the house testified that she did not invite appellant into her house on the day of the incident). Thus, counsel's actions could have been strategically motivated, and without a record demonstrating otherwise, we cannot find that counsel's decision constituted deficient performance. *Cf. Alberts v. State*, 302 S.W.3d 495, 506 n. 7 (Tex. App.—Texarkana 2009, no pet.) (concluding that counsel's decision to withhold objection to testimony concerning victim's truthfulness may have been a tactical decision to avoid calling jury's attention to objectionable testimony).

Accordingly, we conclude that appellant has not rebutted the presumption that counsel's conduct fell within the range of reasonable professional assistance. *See Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011); *Thompson*, 9 S.W.3d at 814. We overrule appellant's issue.

We affirm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131437F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEPHEN GLEN LIMBAUGH, Appellant

No. 05-13-01437-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F12-21347-I.
Opinion delivered by Justice Myers. Chief Justice Wright and Justice Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of June, 2015.