**AFFIRMED and Opinion Filed June 5, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00712-CR

**STEPHON JHACOREY WASHINGTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-81659-2022**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Garcia

Appellant Stephon Jhacorey Washington appeals his conviction for aggravated robbery. We affirm.

### I.  BACKGROUND

The State indicted appellant for committing aggravated robbery against complainant Jenna Linch. Appellant pleaded not guilty, and the issue of guilt was tried to a jury. The jury found appellant guilty. The issue of punishment was tried without a jury, and the trial judge sentenced appellant to forty years in prison.

Appellant timely appealed. He raises three issues on appeal.

## II. ANALYSIS

### A. Issue One: Was the evidence sufficient to support appellant's conviction?

#### 1. Standard of Review and Applicable Law

When we review the sufficiency of the evidence to support a conviction, we uphold the conviction if any rational trier of fact could have found all essential elements of the offense proved beyond a reasonable doubt. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). In conducting our review, we consider the evidence in the light most favorable to the verdict. *Id*. The jury is the sole judge of the weight and credibility of the evidence, and it may choose to believe all, some, or none of the evidence presented. *Id*. Moreover, the jury may draw reasonable inferences from the evidence, and the evidence is sufficient to support a conviction if the inferences necessary to establish guilt are reasonable based on the cumulative force of all the evidence when considered in the light most favorable to the verdict. *Id*. at 655–56. Circumstantial evidence is as probative as direct evidence in establishing an actor's guilt, and circumstantial evidence alone can be sufficient to establish guilt. *O'Reilly v. State*, 501 S.W.3d 722, 726 (Tex. App.—Dallas 2016, no pet.).

We measure the sufficiency of the evidence against the hypothetically correct jury charge, defined by the statutory elements as modified by the charging instrument. *Edward*, 635 S.W.3d at 656. Here, appellant was convicted of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a). A person commits

aggravated robbery if he commits robbery and (1) causes serious bodily injury to another or (2) uses or exhibits a deadly weapon. *Id*. A person commits robbery if, during the course of committing a theft and with the intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id*. § 29.02(a)(2). A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of property. *Id*. § 31.03(a).

The Penal Code defines "in the course of committing theft" as "conduct that occurs *in an attempt to commit*, during the commission, or in immediate flight after the attempt or commission of theft." *Id*. § 29.01(1) (emphasis added). Thus, proof of a completed theft is not required to establish a robbery. *See id*.; *Wolfe v. State*, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996); *Jones v. State*, No. 05-18-00588-CR, 2019 WL 4071995, at *3 (Tex. App.—Dallas Aug. 29, 2019, pet. ref'd) (mem. op., not designated for publication).

### 2. Application of the Law to the Facts

Appellant does not contest the sufficiency of the evidence to support the jury's finding that he was the person who interacted with complainant Linch on the occasion in question or that he exhibited a deadly weapon during that interaction. Rather, he argues that the evidence was insufficient to support the finding that he had the intent to commit theft against her, and thus to support the finding of attempted theft. We review the relevant evidence.

Linch testified to the following facts. At around 5:00 a.m. on July 10, 2021, she arrived at a park in McKinney, Texas, to go jogging. As she was jogging, she noticed a person wearing a COVID mask and standing by a picnic table. A few minutes after she passed that person, someone ran up behind her, put his arm around her neck, and said, "I have a knife. Do what I say and I won't hurt you." The person pressed a knife to Linch's throat, dragged her into a women's restroom, and told her to take her shirt off. Linch refused. Then the person asked her if she had any money. She said that she didn't have any money. Then the person dropped a knife, and Linch tried to get it. The next thing Linch knew, she and her assailant were outside the restroom, and the assailant said, "[C]onsider yourself lucky. You got lucky this time. Now go home. It's not safe out here." Linch then went back the way she had come and called 911. She suffered injuries in the attack including cuts on her hands and nose. The State relied on other evidence to prove that appellant was the person who attacked Linch.

Appellant argues that the evidence is insufficient to support a finding that he attempted to commit theft during the incident in question. He points out that there is no evidence that he demanded any property from Linch and no evidence that he actually took any of her property, such as her phone. He urges that the evidence that he asked Linch whether she had any money is insufficient to show that he was attempting to take her property.

We reject appellant's argument. The jury was entitled to believe Linch's testimony that appellant grabbed her, threatened her with a knife, dragged her into a nearby restroom, and asked her if she had any money. From this evidence, the jury could reasonably infer that appellant took Linch to a secluded place and asked her if she had any money because he intended to take her money away from her. *See Romano v. State*, 610 S.W.3d 30, 35 (Tex. Crim. App. 2020) ("By its nature, a culpable mental state must generally be inferred from the circumstances.") (footnote omitted). Thus, the evidence is sufficient to support a finding that appellant attempted to commit theft against Linch during the incident in question.

We overrule appellant's first issue on appeal.

**B.  Issue Two: Did the trial judge commit reversible error by admitting certain evidence over appellant's objections that the chain of custody had not been established?**

In appellant's second issue, he argues that the State failed to show a proper chain of custody for certain items "that were offered as DNA evidence, including a cap, clothes, and a knife." Thus, he contends, the trial judge erred by admitting the evidence over appellant's objections based on the chain of custody.

We reject appellant's argument.

We review a trial judge's evidentiary rulings for abuse of discretion. *Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021).

Appellant does not explain exactly how the State failed to establish a chain of custody for the items about which the State introduced DNA evidence—namely a

baseball cap, a folding knife, and some women's running shoes. Nor does he address the harmless-error rule. *See* TEX. R. APP. P. 44.2. But even if we disregard these failures, controlling authority from the Texas Court of Criminal Appeals compels us to reject his argument:

> Absent evidence of tampering or other fraud, . . . problems in the chain of custody do not affect the admissibility of the evidence. Instead, such problems affect the weight that the fact-finder should give the evidence, which may be brought out and argued by the parties.

*Druery v. State*, 225 S.W.3d 491, 503–04 (Tex. Crim. App. 2007) (footnotes omitted). In this case, appellant does not suggest that the record contains any evidence of tampering or fraud, and we see no such evidence. Accordingly, appellant's argument fails.

We overrule appellant's second issue on appeal.

**C.     Issue Three: Did the trial judge commit reversible error by admitting evidence of the theft of a truck, a recording of the complainant's 911 call, and a copy of the police report about the incident?**

In his final issue, appellant argues that the trial judge committed harmful error by admitting certain evidence. Our standard of review is abuse of discretion. *Inthalangsy*, 634 S.W.3d at 754. We reject his arguments for the following reasons.

**1.     Evidence Regarding the Stolen Truck**

First, appellant complains about evidence that a Toyota Tundra truck found near the crime scene was a stolen vehicle. We begin by discussing the context in which that evidence was admitted.

Before trial, appellant made a motion in limine concerning any evidence that appellant stole the truck in question. During arguments, the State argued that evidence about the truck was admissible under Texas Rule of Evidence 404(b) for identity purposes and also as res gestae evidence. Appellant responded that evidence that the truck was stolen was inadmissible under Rule 403's balancing test. The trial judge ruled that he would allow the testimony and give extraneous-offense instructions.

Police investigator Joy Wright testified that she was called to the park where Linch had been attacked and found a silver Toyota Tundra in the parking lot with its engine running, the driver's side window halfway down, and items scattered on the ground nearby. When the State asked Wright whether it was determined that the truck was reported stolen, appellant objected and was granted permission to approach the bench. The bench conference was not recorded. Then appellant objected to any mention that the truck was stolen. The trial judge overruled the objection but granted appellant's request for a running objection. Then Wright was asked whether the truck was confirmed stolen, and she answered, "Yes." Wright then testified that there were tissues outside the truck that appeared to have blood on them and that there was a knife inside the truck on the console that appeared to have a red substance on it. She also testified that she recovered latent fingerprints from the outside of the driver's door of the truck. Items found near the truck suggested that it was owned by someone named Mark Petri.

Next, the State called Mark Petri to testify. Before Petri testified, appellant objected to any testimony that Petri owned the truck on "401 and 403 grounds" that the testimony was irrelevant and that any probative value it had was outweighed by its prejudicial effect. The trial judge overruled the objection and granted appellant's request for a running objection. The State then elicited Petri's testimony that he owned the truck described in Wright's testimony and that the truck had been stolen from his home the night of July 9, 2021.

We conclude that appellant did not preserve error with respect to Wright's testimony that the truck was stolen.

First, appellant's motion in limine did not preserve error as to Wright's testimony. "A motion in limine . . . is a preliminary matter and normally preserves nothing for appellate review." *Scott v. State*, 392 S.W.3d 684, 686 (Tex. App.—Dallas 2010, no pet.). To preserve error as to a matter addressed by a motion in limine, the party must object when the matter is raised during trial. *Id.*

Second, appellant's trial objection to Wright's testimony did not preserve error. One prerequisite for error preservation is that the record must show that the complaint was raised in a timely objection that stated the grounds for the desired ruling with sufficient specificity to make the trial judge aware of the complaint unless the specific grounds were apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A). In this case, the record does not show the grounds for appellant's trial objection, and the grounds are not apparent from the context. Accordingly, error was

not preserved.[1] *See id.*; *see also Prescott v. State*, No. 06-20-00054-CR, 2020 WL 6600967, at *4 (Tex. App.—Texarkana Nov. 12, 2020, no pet.) (mem. op., not designated for publication) (error not preserved because objection and its grounds were apparently stated during off-the-record conference); *Hullaby v. State*, 911 S.W.2d 921, 926 (Tex. App.—Fort Worth 1995, pet. ref'd) (error not preserved when counsel objected on the record but stated any grounds for the objection during off-the-record bench conference).

With respect to Petri's testimony that his truck was stolen, we construe appellant's brief to argue that the trial judge should have excluded the evidence pursuant to both Rule 403 and Rule 404(b). However, appellant did not make a Rule 404 objection to Petri's testimony that the truck was stolen, so that argument was not preserved for appeal. *See Jimenez v. State*, No. 05-18-00848-CR, 2020 WL 5104964, at *3 (Tex. App.—Dallas Aug. 31, 2020, no pet.) (mem. op., not designated for publication) (holding that Rule 404(b) objection was not preserved by relevancy and Rule 403 objections). Accordingly, we limit our analysis to Rule 403.

Under Rule 403, the trial judge "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

---

[1] Even if appellant preserved error as to Wright's testimony that the truck was stolen, we conclude in the alternative that the trial judge did not abuse its discretion by admitting that testimony for the same reasons we give below regarding Petri's testimony.

prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. We understand appellant to argue that the evidence that the truck was stolen presented a danger of unfair prejudice. Although evidence presented against a criminal defendant is designed to be prejudicial, evidence is *unfairly* prejudicial if it has the capacity to lure the jury into finding guilt on a ground other than proof specific to the offense charged. *Jimenez*, 2020 WL 5104964, at *4. Factors relevant to a Rule 403 analysis include (1) the probative value of the evidence; (2) the potential for the evidence to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Id*. The trial judge has substantial discretion in determining whether evidence's probative value is substantially outweighed by the danger of unfair prejudice. *See id*.

In this case, the trial judge could reasonably conclude that evidence that the truck was stolen had some probative value and that the State had some need for that evidence. Evidence found in and near the truck tended to connect the truck to the attack on Linch, and proving that the truck had been stolen before the attack helped the State prove that the truck's owner was not the perpetrator of attack. The trial judge could also reasonably conclude that the evidence was not particularly inflammatory or likely to impress the jury in some irrational way, and it took little time for the State to develop that evidence. Accordingly, we conclude that the trial

judge did not abuse his discretion by admitting Petri's testimony that the truck was stolen.

### 2.    The Police Report and Linch's 911 Call

Under issue three, appellant also argues that the trial judge abused his discretion by admitting (1) an audio recording of Linch's 911 call, (2) a copy of the police report about the incident, and (3) "various types of hearsay evidence."

As to the audio recording of Linch's 911 call, appellant argues only that admission of the recording violated Rule 403 because Linch testified about the same events at trial, the recording served no probative purpose, and the recording had an extreme, unfairly prejudicial effect. But at trial, appellant objected to the 911 recording solely on the basis that the State had failed to authenticate it. Because appellant's appellate argument does not comport with his trial-court objection, his appellate argument is forfeited. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("The point of error on appeal must comport with the objection made at trial.").

With respect to the police report, appellant does not identify the report by exhibit number, and his references to the reporter's record do not include any passages about a police report. The State responds that no police report was admitted into evidence. Our review of the reporter's record reveals that the State is correct. Thus, appellant's argument presents nothing for us to review.

Finally, regarding the third category of evidence, appellant does not explain exactly what "hearsay evidence" he is complaining about, and he supplies no argument or authority to support his claim. Thus, the assertion is inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities"); *Lucio v. State*, 353 S.W.3d 873, 877–78 (Tex. Crim. App. 2011) (argument presented in a single sentence and without authority was inadequately briefed).

### 3.    Conclusion

We overrule appellant's third issue on appeal.

### III.    DISPOSITION

We affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
220712F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEPHON JHACOREY
WASHINGTON, Appellant

No. 05-22-00712-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-81659-
2022.
Opinion delivered by Justice Garcia.
Justices Pedersen, III and Kennedy
participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered June 5, 2023